# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN MARZETTE HANKS,<br><br>  Petitioner,<br><br> v.<br><br>KEN CLARK,<br><br>  Respondent. | Case No. 1:19-cv-01412-SAB-HC<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF PETITION FOR WRIT OF HABEAS CORPUS<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## I.

## DISCUSSION

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires preliminary review of a habeas petition and allows a district court to dismiss a petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." See McFarland v. Scott, 512 U.S. 849, 856 (1994).

**A. Exhaustion**

A petitioner in state custody who is proceeding with a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's

alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982). A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971).

Here, Petitioner acknowledges that the claims that he raises in the instant petition are currently pending in the Fresno County Superior Court and the California Court of Appeal, Fifth Appellate District. (ECF No. 1 at 6, 16, 17, 19, 21, 23, 26, 27, 30).[1] If Petitioner has not sought relief in the California Supreme Court, the Court cannot proceed to the merits of his claims. 28 U.S.C. § 2254(b)(1).

**B. Second or Successive Petition**

A federal court must dismiss a second or successive petition that raises the same grounds as a prior petition. 28 U.S.C. § 2244(b)(1). The court must also dismiss a second or successive petition raising a new ground unless the petitioner can show that (1) the claim rests on a new, retroactive, constitutional right or (2) the factual basis of the claim was not previously discoverable through due diligence, and these new facts establish by clear and convincing evidence that but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2)(A)–(B).

However, it is not the district court that decides whether a second or successive petition meets these requirements. Section 2244(b)(3)(A) provides: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." In other words, Petitioner must obtain leave from the Ninth Circuit before he can file a second or successive petition in the district court. See Felker v. Turpin, 518 U.S. 651, 656–657 (1996). This Court must dismiss any second or successive petition unless the Court of Appeals has given Petitioner leave to file the petition because a district court lacks subject-matter jurisdiction over a second or successive petition. Burton v. Stewart, 549 U.S. 147, 157 (2007).

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

In the instant petition, Petitioner challenges his 2000 Fresno County Superior Court conviction for first-degree murder. (ECF No. 1 at 1). Petitioner previously filed a federal habeas petition in this Court challenging the same conviction, and the petition was dismissed as untimely. See Hanks v. Biter, No. 1:18-cv-00202-LJO-SKO.[2] However, "[h]abeas petitions that are filed second-in-time are not necessarily second or successive." Clayton v. Biter, 868 F.3d 840, 843 (9th Cir. 2017). For example, "a habeas petition that challenges a new or intervening judgment is not a second or successive petition even where the intervening judgment left in place an earlier challenged conviction and sentence." Id. at 843–44 (citing Wentzell v. Neven, 674 F.3d 1124 (9th Cir. 2012)).

Here, Petitioner appears to base his claims on California Senate Bill No. 1437, Stats. 2018, ch. 1015, which enacted changes effective January 1, 2019. (ECF No. 1 at 30). However, as Petitioner's state court petitions are still pending, the instant federal petition cannot be construed as challenging an order resolving a resentencing petition or a new or intervening judgment. See Davis v. Sullivan, No. 17-73465, 2018 U.S. App. LEXIS 19388, at *1 (9th Cir. July 13, 2018) (holding petition was successive where petitioner was "not challenging an order resolving a resentencing petition but instead [was] seeking to challenge his original judgment of conviction").

Accordingly, the Court finds that the instant petition is "second or successive" under § 2244(b). See McNabb v. Yates, 576 F.3d 1028, 1030 (9th Cir. 2009) (holding "dismissal of a first habeas petition for untimeliness presents a 'permanent and incurable' bar to federal review of the underlying claims," and thus renders subsequent petitions "second or successive"). Petitioner makes no showing that he has obtained prior leave from the Ninth Circuit to file this petition. As Petitioner has not obtained prior leave from the Ninth Circuit to file this successive petition, this Court has no jurisdiction to consider Petitioner's renewed application for relief under 28 U.S.C. § 2254 and must dismiss the petition. See Burton, 549 U.S. at 157.

///

---

[2] The Court may take judicial notice of its own records in other cases. United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

## II.

## RECOMMENDATION & ORDER

Accordingly, the undersigned HEREBY RECOMMENDS that the petition for writ of habeas corpus be DISMISSED.

Further, the Clerk of Court is DIRECTED to randomly ASSIGN this action to a District Judge.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, Petitioner may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The assigned District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). Petitioner is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __**October 21, 2019**__

UNITED STATES MAGISTRATE JUDGE