UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN MARZETTE HANKS,<br><br>Petitioner,<br><br>v.<br><br>KEN CLARK,<br><br>Respondent. | No. 1:19-cv-01412-DAD-SAB (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DENYING MOTION TO STAY, AND DENYING PETITION FOR WRIT OF HABEAS CORPUS<br><br>(Doc. Nos. 1, 3, 5) |

Petitioner Jonathan Marzette Hanks is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On October 22, 2019, the assigned magistrate judge issued findings and recommendations, recommending that the pending petition for federal habeas relief be denied as an unauthorized second or successive petition and for failure to exhaust state judicial remedies. (Doc. No. 3.) The findings and recommendations were served on petitioner and contained notice that any objections thereto were to be filed within thirty (30) days of the date of service. On November 19, 2019, petitioner filed timely objections and a motion to stay. (Doc. No. 5.)

/////

1

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including petitioner's objections, the court concludes that the findings and recommendation are supported by the record and proper analysis.

In his objections, petitioner does not dispute that the claims he raises in his pending petition are currently also pending in state court. (Doc. Nos. 3 at 2; 5 at 5–6.) Instead, he argues that "circumstances exist that render such process ineffective to protect" his rights. (Doc. No. 5 at 1–6.) 28 U.S.C. § 2254 (b)(1)(B)(ii). However, his arguments in this regard are unpersuasive; petitioner merely disputes the way various state courts have interpreted and characterized his claims for habeas relief, and he raises no substantive challenge to the legal reasoning or conclusions of the state courts. (*See* Doc. No. 5 at 5–6.)

Second, petitioner argues that the petition filed in the instant proceeding should be construed as a first amended petition in a federal habeas action he previously in this court challenging the same underlying state conviction, *Hanks v. Biter*, No. 1:18-cv-00202-LJO-SKO (E.D. Cal. Feb. 19, 2019), rather than a successive petition. (Doc. No. 5 at 6.) It is correct that the Ninth Circuit has held that "when a *pro se* petitioner files a new petition in the *district court* while an earlier-filed petition is *still pending*, the district court must construe the new petition as a motion to amend the pending petition rather than as an unauthorized second or successive petition." *Goodrum v. Busby*, 824 F.3d 1188, 1192 (9th Cir. 2016) (final emphasis added) (citing *Woods v. Carey*, 525 F.3d 886, 887–90 (9th Cir. 2008)). Here, however, the instant petition was filed on October 7, 2019, after petitioner's first petition had already been denied on February 19, 2019. *See* Order, *Hanks v. Biter*, No. 1:18-cv-00202-LJO-SKO (E.D. Cal. Feb. 19, 2019). Accordingly, the court declines to construe the instant petition as an amended petition in petitioner's federal habeas action he previously filed in this court.[1]

/////

---

[1] The court notes that petitioner has already filed at least nine state post-conviction collateral challenges and two petitions for federal habeas relief. All of them, save for the pending petition, have been denied. *See* Order, *Hanks v. Biter*, No. 1:18-cv-00202-LJO-SKO, at *2–3 (E.D. Cal. Feb. 19, 2019)

2

Third, petitioner argues that the instant petition should be considered on its merits and granted because he has established that his claims rely "on a new rule of constitutional law made retroactive to cases on collateral review that was previously unavailable." (Doc. No. 5 at 7.) However, before a second or successive habeas petition may be considered, the petitioner must "move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Petitioner has failed to do so here and, as a result, the court lacks jurisdiction over his petition. *See Burton v. Stewart*, 549 U.S. 147, 157 (2007).

Finally, petitioner further argues that exhaustion of his claims is not required and, alternatively, seeks a stay of these proceeding in order to exhaust his claims in state court if exhaustion is found to be required. (Doc. No. 5 at 6.) However, the court concludes that a stay is not warranted here in light of the court's finding that the instant petition is an unauthorized successive petition.

Having found that petitioner is not entitled to habeas relief, the court now turns to whether a certificate of appealability should issue. A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003); 28 U.S.C. § 2253. Where, as here, the court denies habeas relief on procedural grounds without reaching the underlying constitutional claims, the court should issue a certificate of appealability if "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). In the present case, the court finds that reasonable jurists would not find the court's determination that the petition should be denied to be debatable or wrong, or that petitioner should be allowed to proceed further.

Accordingly:

1. The findings and recommendations issued on October 22, 2019 (Doc. No. 3) are adopted in full;
2. Petitioner's motion to stay (Doc. No. 5) is denied;

3

3. The petition for writ of habeas corpus (Doc. No. 1) is denied;

4. The Clerk of the Court is directed to close the case; and

5. The court declines to issue a certificate of appealability.

IT IS SO ORDERED.

Dated: __**April 8, 2020**__  _____
UNITED STATES DISTRICT JUDGE